# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-30776

United States Court of Appeals
Fifth Circuit

**FILED**

December 30, 2014

Lyle W. Cayce
Clerk

WILLIAM POWELL,

Petitioner - Appellee

v.

LYNN COOPER, Warden, Avoyelles Correctional Center,

Respondent - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:12-CV-00296

Before DAVIS, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

William Powell filed a pro se petition for habeas corpus pursuant to 28 U.S.C. § 2254, challenging the revocation of his parole. While on parole, Powell was arrested, but the charges were subsequently dismissed. Nevertheless, the State moved forward with parole revocation proceedings. At his preliminary probable cause hearing, neither the alleged victim nor the officers that observed the initial key events testified. The preliminary hearing officer found

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that there was probable cause to charge Powell with a violation of parole based on an investigating officer's testimony as to what the other on-scene officers and the alleged victim had told him.  At the final hearing, the State did not present any witnesses, but the parole board revoked Powell's parole based on the evidence presented at the probable cause hearing.  After his state court appeals were denied, Powell filed the instant § 2254 petition claiming, *inter alia*, that his due process rights were violated when he was denied the right to confront and cross-examine the witnesses against him at his parole revocation hearings.  The district court granted Powell's petition and the State now appeals, arguing that Powell's claims are time-barred, unexhausted, and meritless.  For the reasons that follow, we reverse the district court's decision.

## I.

### A.

In 1988, Powell was convicted of attempted aggravated rape and sentenced to 35 years in prison.  He was released in 2006 under parole supervision.  On February 15, 2008, he was arrested and charged with attempted forcible rape.  The district attorney subsequently dismissed the charge because the alleged victim failed to appear or otherwise cooperate with the prosecution.  Nevertheless, Powell remained in custody subject to a detainer for potentially violating his parole obligation to "refrain from engaging in any type of criminal conduct."  *Powell v. La. Parole Bd.*, No. 2010-2058, 2011 WL 2024478, at *1 (La. Ct. App. May 6, 2011).

The State held a preliminary hearing, at which Powell was represented by counsel.  Powell's parole officer stated at the hearing that she was unable to get in contact with the alleged victim, despite various attempts.  The parole officer also revealed that the home address the alleged victim had provided to the police was for an abandoned house.  Additionally, the Port of New Orleans

Harbor Police Department officers who were first at the scene of the alleged crime did not testify at the hearing. The State's evidence at the hearing consisted of the offense reports prepared by the police after they arrested Powell and testimony from the investigating officer—Detective Neely of the New Orleans Police Department Sex Crimes Unit. Detective Neely testified that he was called to the scene of the alleged crime after Harbor Police saw a woman, naked from the waist down, jump out of a parked van, crying for help. Neely testified that he spoke with the alleged victim, who said she had been at a bar in New Orleans, celebrating her friend's engagement, when she encountered Powell, who she assumed was with the party. She told Powell that she wanted to go to a friend's house and he offered to drive her there. Powell drove her to a secluded area in his van and tried to talk her into consensual sex. When she refused, he struggled with her, removing her pants and underwear. Then a police car pulled up behind the parked van and turned on its red and blue lights, at which point she jumped out and screamed for help. Detective Neely also testified that the alleged victim identified Powell at the scene as the man who had attempted to rape her. Powell had the opportunity to cross-examine Detective Neely.

Relying on the police reports and Detective Neely's testimony, the preliminary hearing officer decided that the preponderance of the evidence indicated probable cause to conclude that Powell committed an offense. Following the preliminary hearing, the State held a final parole revocation hearing. The only witness to testify at the final hearing was Powell's mother on Powell's behalf; the State did not offer any additional evidence. Based on the preliminary hearing and offense reports, the parole board revoked Powell's parole.

3

**B.**

Powell challenged the parole board's decision in state court, arguing, among other things, that the State violated his Sixth Amendment right to confront and cross-examine adverse witnesses. The Louisiana state court commissioner who considered Powell's case issued a report recommending that the parole board's decision be upheld, noting that the parole board was authorized to consider hearsay evidence in making its determination. In response to Powell's claim that he was denied his right to confront and cross-examine adverse witnesses at his revocation hearings, the commissioner stressed that Powell was given the opportunity to cross-examine one of the investigating officers who was present at the scene of the incident. The Louisiana district court adopted the commissioner's report, affirmed the parole board's decision, and dismissed Powell's appeal with prejudice. The Court of Appeal of Louisiana affirmed, also finding no error in the commissioner's recommendation. *Powell v. La. Parole Bd.*, No. 2010 CA 2058, 2011 WL 2024478, at *2 (La. Ct. App. May 6, 2011). The Louisiana Supreme Court denied Powell's application for supervisory or remedial writs. *Powell v. La. Parole Bd.*, 76 So. 3d 1149 (La. 2011).

Powell next filed the instant pro se application for habeas corpus pursuant to 28 U.S.C. § 2254. His petition contained four numbered claims, including, as relevant here, that he was denied his Sixth Amendment right to confront and cross-examine witnesses at his parole revocation hearing.[1] The

---

[1] The State correctly notes that Powell's confrontation rights stem from the Due Process Clause of the Fourteenth Amendment, not the Confrontation Clause of the Sixth Amendment. *See Morrissey v. Brewer*, 408 U.S. 471, 482 (1972); *Curtis v. Chester*, 626 F.3d 540, 548 n.4 (10th Cir. 2010).

State responded that Powell's claims were time-barred, unexhausted, and without merit.

The matter was referred to a magistrate judge, who recommended that Powell's § 2254 application be granted and that the revocation of his parole be reversed. The magistrate judge determined that Powell's § 2254 application was timely filed pursuant to 28 U.S.C. § 2244(d)(1)(A) and that he exhausted his state law remedies through his direct appeals to the state district court, appellate court, and state supreme court. The magistrate judge ultimately concluded that the State had indeed violated Powell's due process rights to confront and cross-examine adverse witnesses, because the State's only evidence presented at Powell's revocation hearings was hearsay. The magistrate judge noted that while parolees who request revocation hearings only have a "qualified right" to confront and cross-examine witnesses, this circuit's case law holds that hearsay evidence alone is insufficient to support revocation of parole. The magistrate judge concluded that since the preliminary hearing decision was based solely on hearsay, and since the parole board relied entirely on the preliminary hearing, the parole board's final decision was also based solely on hearsay. The district court adopted the magistrate judge's report and recommendation, and granted Powell's § 2254 application. The State timely appealed.

Powell next moved for a Certificate of Appealability ("COA") to add to the issues on appeal the claims for which he was denied relief. The district court denied Powell a COA and thus the only issue before us is the State's claim that the district court erred in holding that Powell was denied his right to

confront and cross-examine adverse witnesses at his parole revocation hearing.[2]

## II.

In a habeas corpus appeal, we review a district court's findings of fact for clear error and its conclusions of law de novo. *Martinez v. Johnson*, 255 F.3d 229, 237 (5th Cir. 2001). Since Powell filed his federal habeas petition after the Antiterrorism and Effective Death Penalty Act ("AEDPA") came into effect, he can obtain habeas relief only if his adjudication in state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." *Robertson v. Cain*, 324 F.3d 297, 301-02 (5th Cir. 2003) (quoting 28 U.S.C. § 2254(d)(1)-(2)).

## III.

The State argues that the state court reasonably applied Supreme Court precedent when it denied Powell's due process claim.[3] To be entitled to habeas

---

[2] Powell's brief on appeal includes arguments that the state law pursuant to which his parole was revoked "is an unconstitutional bill of attainder, ex post facto violation (as applied to him), and a law impairing the obligation of a contract." He argues further that his Fourteenth Amendment right to due process was violated because his preliminary probable cause hearing was not held within the time limit set by law. Powell petitioned this court for a COA on these arguments, but that motion was denied. *Powell v. Cooper*, No. 13-30776 (5th Cir. filed June 13, 2014). As a result, we will not consider Powell's claims that were denied by the district court. *See, e.g.*, *Simmons v. Epps*, 654 F.3d 526, 535 (5th Cir. 2011), *cert. denied*, 132 S. Ct. 2374 (2012) ("Because [the petitioner's] argument falls outside the scope of the COA, we may not address it here.").

[3] The State also contests the district court's conclusion that Powell timely filed his federal habeas petition and that he exhausted his due process confrontation claim. *See* 28 U.S.C. § 2244(d)(1) (stating that petitions for writs of habeas corpus filed by persons "in custody pursuant to the judgment of a State court" are subject to a one-year period of limitation); *Day v. McDonough*, 547 U.S. 198, 205-06 (2006) (explaining that the exhaustion doctrine requires state prisoners "to pursue remedies available in state court" before invoking

relief, Powell must show that the state court's judgment "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). There is no question that federal due process rights guarantee both a preliminary hearing to determine whether there exists a reasonable ground to believe that the parolee violated his parole and a final revocation hearing that leads to a "final evaluation of any contested relevant facts and consideration of whether the facts as determined warrant revocation." *Morrissey v. Brewer*, 408 U.S. 471, 485-88 (1972). These requirements are clearly established, as determined by the Supreme Court. *See id.* The "minimum requirements" of due process at the final revocation hearing include:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) *the right to confront and cross-examine adverse witnesses* (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

*Id.* at 489 (emphasis added).

In granting Powell's habeas petition, the district court relied on our opinion in *McBride v. Johnson*, 118 F.3d 432, 438 (5th Cir. 1997), which interpreted *Morrissey* to conclude that a parole board violates a parolee's due process rights to confrontation and cross-examination when the board revokes parole based on hearsay evidence alone. *McBride*, however, did not interpret

---

federal habeas jurisdiction). Because we hold that the district court incorrectly resolved the merits of Powell's due process claim, we need not rule on the State's timeliness and exhaustion arguments.

*Morrissey* within the framework of AEDPA and therefore did not conclude that the Supreme Court had clearly established that parole may not be revoked solely on the basis of hearsay evidence. *Id.* at 436; *cf.* 28 U.S.C. § 2254(d)(1) (providing for habeas relief for state court decisions that are "contrary to, or involve[] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"). Indeed, in *McBride* we indicated that "[w]e have since added some flesh to the basic *Morrissey* framework," and only then discussed the trouble with relying exclusively on hearsay at a revocation hearing. 118 F.3d at 438.

It was necessary to add "flesh to the basic *Morrissey* framework" because the Supreme Court has substantively discussed the due process right to cross-examination and confrontation at revocation hearings in only two cases, neither of which explicitly detailed the contours of the right. *See Gagnon v. Scarpelli*, 411 U.S. 778 (1973); *Morrissey*, 408 U.S. 471. In *Morrissey*, the Court had before it a habeas petitioner whose parole was revoked without any hearing at all. 408 U.S. at 473. The Court outlined the requirements of a probable cause and final revocation hearing, including a qualified right to cross-examine and confront adverse witnesses, but did not have cause to expand upon or apply these rights. *Id.* at 488-89. "We cannot write a code of procedure," the Court explained; "that is the responsibility of each State." *Id.* at 488. In *Gagnon*, decided less than a year later, the Court held only that the *Morrissey* framework applies in the probation as well as the parole context, and determined that a probationer was wrongly denied both a preliminary and final revocation hearing. 411 U.S. at 791. The Supreme Court has not further defined the due process requirements of revocation hearings, leaving that task to the state and lower federal courts.

We have repeatedly examined the contours of the due process right to confrontation, but, as the Supreme Court has cautioned, AEDPA "prohibits the federal courts of appeals from relying on their own precedent to conclude that a particular constitutional principle is 'clearly established'" by the Supreme Court. *Lopez v. Smith*, 135 S. Ct. 1, 2 (2014) (per curiam); *see also Glebe v. Frost*, 135 S. Ct. 429, 431 (2014) (stating that a circuit court "had no justification for relying on" its own precedent that did not arise under AEDPA); *Nevada v. Jackson*, 133 S. Ct. 1990, 1994 (2013) (per curiam) (reversing circuit court for framing the Supreme Court's precedents at an overly high level of generality). Indeed, "[c]ircuit precedent cannot 'refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that this Court has not announced.'" *Lopez*, 135 S. Ct. at 4 (quoting *Marshall*, 133 S. Ct. at 1450). We therefore cannot look to our own, non-AEDPA precedent, such as *McBride*, to decide whether the state court's denial of Powell's due process confrontation claims involved an unreasonable application of federal law as determined by the Supreme Court.

Neither may we look to the Supreme Court's significantly more robust Confrontation Clause jurisprudence in assessing the state court's decision. The right to confrontation guaranteed by the Sixth Amendment Confrontation Clause is not the same as that found in the Fourteenth Amendment Due Process Clause. *See Barnes v. Johnson*, 184 F.3d 451, 455 (5th Cir. 1999); *Curtis v. Chester*, 626 F.3d 540, 544 (10th Cir. 2010) ("Sixth Amendment rights are not applicable in parole revocation hearings because those hearings are not 'criminal prosecutions.' All the circuit courts that have expressly considered this issue agree." (internal citation omitted)). "Thus, we are left with the due process guarantees specified in *Morrissey*. But *Morrissey* did not clarify how courts should determine when and how prisoners have a right to confront

adverse witnesses at revocation hearings." *Curtis*, 626 F.3d at 545 (internal citation omitted).

In its decision denying Powell's claims, the state court acknowledged that Powell had a right to confront and cross-examine adverse witnesses under *Morrissey*. The state court determined that his rights were satisfied because he had the opportunity "to cross examine one of the investigating officers who was present at the scene of the incident." The state court was apparently referring to Detective Neely, who testified at the preliminary hearing, but whose testimony principally amounted to recounting what the alleged victim and the officers first at the scene had told him. This would not satisfy Powell's due process rights under our case law. *See McBride*, 118 F.3d at 438. Our task, however, is to determine whether the state unreasonably applied clearly established federal law as determined by the Supreme Court, not as determined by our own precedent. *See Lopez*, 135 S. Ct. at 4. While the Supreme Court has said that a parolee has a due process confrontation right, it has never defined the contours of that right and the Court has repeatedly warned the circuit courts "against framing [its] precedents at . . . a high level of generality." *Id.* (internal quotation marks omitted).

We do not suggest that the Supreme Court must have previously applied a particular rule or that a rule must be defined with great specificity for it to be "clearly established." We hold only that the contours of the due process right to confrontation in revocation proceedings have not been sufficiently clearly established by the Supreme Court for us to hold that the state court unreasonably applied federal law when it determined that Powell's confrontation rights were satisfied by his ability to confront and cross-examine Detective Neely. Not only has the Supreme Court declined to establish the precise dimensions of this confrontation right, it has emphasized that "there is

no thought to equate [a revocation hearing] to a criminal prosecution in any sense" and "the process should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial." *Morrissey*, 408 U.S. at 489. Thus, the Court has made clear that there is no categorical bar to using hearsay testimony in revocation proceedings, explaining that "[w]hile in some cases there is simply no adequate alternative to live testimony, we emphasize that we did not in *Morrissey* intend to prohibit use where appropriate of the conventional substitutes for live testimony, including affidavits, depositions, and documentary evidence." *Gagnon*, 411 U.S. at 782 n.5. Given the imprecision with which the Supreme Court has defined the due process confrontation right, we cannot hold that the state court's interpretation of that right, as applied in this case, was an unreasonable application of clearly established federal law as determined by the Supreme Court. *See Lopez*, 135 S. Ct. at 3; *see also Gagnon*, 411 U.S. at 789 ("In a revocation hearing[] . . . formal procedures and rules of evidence are not employed."). We by no means recede, however, from our own precedent applying due process confrontation rights and will continue to apply our precedent when not forbidden from doing so by AEDPA and Supreme Court decisions.

Because we cannot hold that the state court's interpretation of the due process right to cross-examination and confrontation in parole revocation proceedings resulted in a decision that was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court in this case, we hold that the district court erred in granting Powell's habeas corpus application. We therefore REVERSE the judgment of the district court and DISMISS Powell's petition.

11