**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JUN 04 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HECTOR MIGUEL AGUIRRE,

                Petitioner - Appellant,

  v.

JEFF MACOMBER,

                Respondent - Appellee.

No. 13-56165

D.C. No. 5:12-cv-00859-JVS-RNB

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted May 4, 2015
Pasadena, California

Before: PREGERSON, TALLMAN, and NGUYEN, Circuit Judges.

Petitioner Hector Miguel Aguirre appeals the district court's denial of his 28

U.S.C. § 2254 habeas corpus petition. We have jurisdiction pursuant to 28 U.S.C.

§§ 1291 and 2253.

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Both the California Superior Court and the state Court of Appeal concluded that the phrase "natural life imprisonment" in the extradition agreement prohibited the state from imposing on Aguirre a sentence of life without the possibility of parole ("LWOP"), but not the 84-years-to-life sentence that Aguirre received. Aguirre does not identify Supreme Court precedent that interprets the phrase "natural life imprisonment," and our research has revealed none. And there is no clearly established federal law to support Aguirre's argument that his sentence is functionally equivalent to LWOP. Without applicable Supreme Court authority, the California courts' decisions are not "contrary to, or . . . an unreasonable application of, clearly established Federal law," 28 U.S.C. § 2254(d)(1),[1] and we must uphold them under the deferential standard of the AEDPA. *See Glebe v. Frost*, 135 S. Ct. 429, 431 (2014) (discussing standard of review); *Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (per curiam) ("Because our cases give no clear answer to the question presented, let alone one in [the petitioner's] favor, it cannot be said that the state court unreasonabl[y] appli[ed] clearly established Federal law." (alterations in original) (citations omitted) (internal quotation marks omitted)).

---

[1] The California court did not, as Aguirre argues, make a factual finding when it interpreted the extradition agreement. Because this is a legal question, this case does not implicate 28 U.S.C. § 2254(d)(2).

2

**AFFIRMED.**

Aguirre v. Macomber, No. 13-56165

PREGERSON, Circuit Judge, dissenting:

Before Hector Aguirre was extradited from Mexico to the United States our government assured the Mexican government that "neither a sentence of death nor of natural life imprisonment [would] be sought or imposed in [Aguirre's] case." In 2008, when Aguirre was 26 years old, a California state court sentenced him to 84-years-to-life. Aguirre will not be eligible for parole until 2088, around the time of his 106th birthday.[1] It is a near certainty that he will be imprisoned for the remainder of his natural life.[2]

According to Black's Law Dictionary, "[n]atural life" means "[a] person's physical life span." Black's Law Dictionary (10th ed. 2014). "Life imprisonment" means "[c]onfinement of a person in prison for the remaining years of his or her natural life." *Id.* Therefore, natural life imprisonment is the confinement of a person in prison for the remaining years of his or her physical life span.

---

[1] The court credited Aguirre for the time he served prior to his sentencing.

[2] According to the United States Census Bureau, a male born in 1982, like Aguirre, has a life expectancy of about 70.8 years. U.S. Census Bureau, Statistical Abstract of the United States: 2012, Table 104: Expectation of Life at Birth, 1970 to 2008, and Projections, 2010-2020, http://www.census.gov/compendia/statab/2012/tables/12s0105.pdf. While these statistics generally apply to individuals born in the United States, Aguirre currently resides in the United States and this average life expectancy illustrates the most optimistic view of his expected life span considering that the life expectancy in Mexico is of a shorter duration.

The dictionary definition of "natural life imprisonment" demonstrates that the California courts made an unreasonable legal determination when they found that a sentence of 84-years-to-life did not constitute a sentence of natural life imprisonment. Because Aguirre's sentence almost certainly ensures that he will be imprisoned for the remainder of his natural life, his sentence violates the extradition agreement between the United States and Mexico. Clearly a lengthy, indeterminate sentence is a sentence of a natural life imprisonment if the parole eligibility date falls outside the individual's expected life span.

California's use of the infinitesimally small possibility that Aguirre will live to 106 years old and be considered for parole to justify its decision that he was not sentenced to natural life imprisonment is not in keeping with the mutual respect between sovereigns that serves as the basis for international extradition. *See United States v. Baez*, 349 F.3d 90, 93 (2d Cir. 2003) ("[I]n evaluating the exact limitations set by the extraditing nation, courts should not elevate legalistic formalism over substance. To do otherwise would strip comity of its meaning."). Such behavior endangers the United States' ability to bring back individuals accused of crimes in the future through extradition agreements and jeopardizes the treatment of United States citizens in prosecutions abroad. *See United States v. Cuevas*, 847 F.2d 1417, 1426 (9th Cir. 1988) ("To guarantee limited prosecution

2

by nations seeking extradition of persons from the United States, the United States has guaranteed, pursuant to treaty, that it will honor limitations placed on prosecution in the United States.")

For these reasons, I respectfully dissent.