MEMORANDUM *
Petitioner Hector Miguel Aguirre appeals the district court’s denial of his 28 U.S.C. § 2254 habeas corpus petition. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253.
Both the California Superior Court and the state Court of Appeal concluded that the phrase “natural life imprisonment” in *687 the extradition agreement prohibited the state from imposing on Aguirre a sentence of life without the possibility of parole (“LWOP”), but- not the 84-years-to-life sentence that Aguirre received. Aguirre does not identify Supreme Court precedent that interprets the phrase “natural life imprisonment,” and our research has revealed none. And there is no clearly established federal law to support Aguirre’s argument that his sentence is functionally equivalent to LWOP. Without applicable Supreme Court authority, the California courts’ decisions are not “contrary to, or ... an unreasonable application of, clearly established Federal law,” 28 U.S.C. § 2254(d)(1),[1] and we must uphold them under the deferential standard of the AEDPA. See Glebe v. Frost, — U.S. -, 135 S.Ct. 429, 431, 190 L.Ed.2d 317 (2014) (discussing standard of review); Wright v. Van Patten, 552 U.S. 120, 126, 128 S.Ct. 743, 169 L.Ed.2d 583 (2008) (per curiam) (“Because our cases give no clear answer to the question presented, let alone one in [the petitioner’s] favor, it cannot be said that the state court unreasonablfy] appli[ed] clearly established Federal law.” (alterations in original) (citations omitted) (internal quotation marks omitted)).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.

. The California court did not, as Aguirre argues, make a factual finding when it interpreted the extradition agreement. Because this is a legal question, this case does not implicate 28 U.S.C. § 2254(d)(2).