FILED

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 09 2015

| | |
|---|---|
| ROY RUSS,<br><br>        Petitioner - Appellant,<br><br>   v.<br><br>AUDREY KING,[*] Acting Executive Director,<br><br>        Respondent - Appellee. | No. 11-17328<br><br>D.C. No. 1:09-cv-01904-DLB<br><br>MEMORANDUM[**] |

Appeal from the United States District Court
for the Eastern District of California
Dennis L. Beck, Magistrate Judge, Presiding

Argued and Submitted November 17, 2014
San Francisco, California

Before: HAWKINS and RAWLINSON, Circuit Judges, and LYNN, District Judge.[***]

---

[*] Audrey King is substituted for her predecessor pursuant to Fed. R. App. P. 43(c)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[***] The Honorable Barbara M. G. Lynn, District Judge for the United States District Court for the Northern District of Texas, sitting by designation.

Petitioner Roy Russ (Russ) appeals from a district court judgment denying his petition for habeas relief. He challenges the constitutionality of his confinement pursuant to a civil commitment petition filed in state court in 2007.

Russ contends that the California Sexually Violent Predator Act (SVPA), as amended by Proposition 83, violates the Due Process Clause of the federal constitution. He further submits that the act impermissibly changed the two-year confinement term to an indefinite one, and requires civil offenders to assume the burden of proof when petitioning for release. In light of our opinion in *Taylor v. San Diego County*, Case No. 12-55030, filed contemporaneously herewith, rejecting a similar argument, we affirm the district court's denial of federal habeas relief.

As noted by the California Court of Appeal, the SVPA contains constitutionally appropriate procedures and requirements, ensuring that the commitment period is "only potentially indefinite." Indeed, there are several methods to terminate commitment if the SVP criteria are no longer met. These procedural safeguards ensure that the committed person is not in indefinite confinement, but that the person remain confined only so long as the SVP criteria are met.

At the time of his civil confinement, Russ was mentally ill and had been determined to be dangerous, with a high likelihood of committing further sexual offenses. Thus, there was no due process violation in committing him civilly. *See Foucha v. Louisiana*, 504 U.S. 71, 85-86 (1992).

The United States Supreme Court has not definitively addressed the constitutionality of release procedures that place the burden of proof upon the person challenging the continued commitment. *Cf. Addington v. Texas,* 441 U.S. 418, 425-27 (1979) (holding that for an *initial* civil commitment, the *state* has the burden of proof). We decline to extend the reach of *Addington* to continued civil commitments. *See Glebe v. Frost*, 135 S. Ct. 429, 431 (2014) (per curiam) (cautioning against extending the holdings of Supreme Court cases); *see also Lopez v. Smith*, 135 S. Ct. 1, 4 (2014) (per curiam) (same).

**AFFIRMED.**