**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **ERNESTO ARELLANO,** | No. 12-17495 |
| Petitioner - Appellant, | D.C. No. 2:10-cv-02684-DAD |
| v. | |
| **RAYMOND MADDEN, acting Warden,** | **MEMORANDUM**[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, Magistrate Judge, Presiding

Submitted December 7, 2015[**]
San Francisco, California

Before:    **KOZINSKI**, **BYBEE** and **CHRISTEN**, Circuit Judges.

The California Court of Appeal reasonably concluded that admitting

informant Bowie's testimony did not violate Arellano's Sixth Amendment rights.

The Supreme Court has found the admission of informant testimony to be

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

unconstitutional only where the informant gathered incriminating statements while acting as an agent of the state. See Maine v. Moulton, 474 U.S. 159, 163, 176 (1985); United States v. Henry, 447 U.S. 264, 270, 273 (1980). Here, the state court properly determined that Bowie was not a state agent. The police told Bowie that they couldn't provide any consideration in exchange for incriminating information that Bowie obtained from inmates. They also reminded Bowie that the decision to pass information to law enforcement would be "solely up to him." And Bowie testified that he gathered information without any expectation of leniency or benefits.

Arellano cannot obtain relief under Ninth Circuit case law finding a constitutional violation based on an implicit agreement between police and an informant. See Randolph v. California, 380 F.3d 1133, 1144 (9th Cir. 2004). Circuit precedent does not constitute "clearly established [f]ederal law, as determined by the Supreme Court" that a state court is required to follow. See Glebe v. Frost, 135 S. Ct. 429, 431 (2014) (per curiam) (quoting 28 U.S.C. § 2254(d)(1)).

**AFFIRMED**.