**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 06 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| CHAN SAETEURN,<br><br>                Petitioner - Appellant,<br><br>v.<br><br>DERRAL G. ADAMS, Warden,<br><br>                Respondent - Appellee. | No. 15-15126<br><br>D.C. No. 2:08-cv-02043-TJH<br><br>MEMORANDUM\* |

Appeal from the United States District Court
for the Eastern District of California
Terry J. Hatter, Senior District Judge, Presiding

Submitted January 4, 2016\*\*
San Francisco, California

Before: WALLACE and O'SCANNLAIN, Circuit Judges and HUFF,\*\*\* District Judge.

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    \*\*\*    The Honorable Marilyn L. Huff, District Judge for the U.S. District Court for the Southern District of California, sitting by designation.

Chan Saeteurn collaterally challenges his conviction and sentence following his plea of "no contest" to second-degree murder, arguing that the entry of such plea violated due process. Specifically, he contends that his plea was not entered knowingly and voluntarily because it resulted from an "emotional response" to coercive actions by his father and because, at his change-of-plea hearing, the presiding judge misstated the technical length of the mandatory term of parole he will face if he is released from prison.

To succeed, Saeteurn must demonstrate that California's denial of his claims "was contrary to, or involved an unreasonable application of, clearly established Federal law, *as determined by the Supreme Court*." 28 U.S.C. § 2254(d)(1) (emphasis added). But he fails to refer this court to a single case in which the Supreme Court has clearly established the underpinnings of either of his two claims.

*First*, Saeteurn relies on Supreme Court cases involving coercive conduct of governmental actors, and does not cite any case in which the Court has held that such acts from private third-parties unconnected to the criminal justice system may render a plea unconstitutional. *Cf. Colorado v. Connelly*, 479 U.S. 157, 167 (1986) ("[C]oercive police activity is a necessary predicate to finding that a confession is

not 'voluntary' within the meaning of the Due Process Clause of the Fourteenth Amendment.").

*Second*, he argues that he was entitled to be fully aware of the "direct consequences" of his plea, *see Brady v. United States*, 397 U.S. 742, 755 (1970), but he cites no Supreme Court case clearly establishing that the length of a term of parole is such a consequence. *Cf. Lane v. Williams*, 455 U.S. 624, 630 (1982) (assuming without deciding that failure to advise defendants of mandatory term of parole violated due process). Further, Saeteurn was informed of the correct mandatory parole term at his sentencing hearing and failed to object.

Saeteurn attempts to bridge the gap between Supreme Court precedent and his claims by relying on decisions of our own circuit. This is not enough to grant relief under AEDPA. *See Glebe v. Frost*, 135 S. Ct. 429, 431 (2014) (per curiam); *Lopez v. Smith*, 135 S. Ct. 1, 3–4 (2014) (per curiam).

**AFFIRMED.**