**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 03 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARJORIE KNOLLER,<br><br>       Petitioner - Appellant,<br><br>  v.<br><br>WALTER MILLER, Warden, Valley State Prison for Women,<br><br>       Respondent - Appellee. | No. 14-16449<br><br>D.C. No. 3:12-cv-00996-JST<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Argued and Submitted November 16, 2015
San Francisco, California

Before: McKEOWN, RAWLINSON, and DAVIS,[**] Circuit Judges.

    Appellant Marjorie Knoller (Knoller) was convicted by a jury of second-

degree murder, involuntary manslaughter, and ownership of a mischievous animal

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Andre M. Davis, Senior Circuit Judge for the U.S. Court of Appeals for the Fourth Circuit, sitting by designation.

causing death.  She challenges the district court's denial of her federal habeas petition.

We agree with the district court that the California Court of Appeal did not unreasonably apply clearly established federal law when it determined that a limitation on defense counsel's ability to make objections during the end of the Government's closing rebuttal argument did not rise to the level of structural error. *See United States v. Cronic*, 466 U.S. 648, 659 (1984) (explaining that structural error occurs only when there is a *complete* deprivation of counsel).  Note 25 of the *Cronic* opinion does not override the clear holding of the case as a whole.  *See Glebe v. Frost*, 135 S. Ct. 429, 431 (2014) (holding that "*complete denial* of summation amounts to structural error" and that existing case law did not clearly establish the *restriction* of summation as structural error) (emphases in the original).

The California Court of Appeal did not unreasonably determine harmlessness under *Chapman v. California*, 386 U.S. 18 (1967).  *See Davis v. Ayala*, 135 S. Ct. 2187, 2199 (2015) (clarifying that when a state court concludes that "any federal error was harmless beyond a reasonable doubt under *Chapman*," we "may not award habeas relief under § 2254 unless *the harmlessness determination itself* was unreasonable")  (citation omitted) (emphasis in the

original)).  Undoubtedly, the trial judge's threat of incarceration for further objection, coupled with the prosecutor's inappropriate argument, rose to the level of constitutional error.  However, Knoller has not established "actual prejudice or that no fairminded jurist could agree with the state court's application of *Chapman*."  *Id.* at 2203.

**AFFIRMED.**