**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50640 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-01687-JLS-1 |
| v. | |
| BRIAN CURTIS HILE, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Argued and Submitted August 3, 2015
Pasadena, California

Before: D.W. NELSON, SILVERMAN, and WARDLAW, Circuit Judges.

Appellant Brian Hile appeals his conviction of two counts of interstate

stalking in violation of 18 U.S.C. § 2261A(1) (2006). We have jurisdiction

pursuant to 28 U.S.C. § 1291. We affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

## I. Suppression Motion

1.      Hile did not challenge the admission of statements he made at the El Cajon police station or during the County Mental Health (CMH) intake interview as coerced or involuntary in his motion to suppress.  Thus, Hile waived these challenges.  *See United States v. Murillo*, 288 F.3d 1126, 1135 (9th Cir. 2002); Fed. R. Crim. P. 12(b)(3), (c).  As Hile has not offered any explanation as to why he did not raise these challenges earlier, we will not decide these issues.  *Murillo,* 288 F.3d at 1135 (waived challenges under Rule 12 may still be addressed "for cause shown" (internal quotations and citation omitted)).

2.      The district court did not plainly err in allowing the government to cross-examine Hile with statements he made at the El Cajon police station.  Although the statements were excluded from the government's case-in-chief because they were obtained illegally without a *Miranda* advisement, such statements may be used for impeachment.  *See Harris v. New York*, 401 U.S. 222, 225 (1971).  The government's use of the El Cajon statements to impeach Hile's statements during direct examination was proper cross-examination.  *United States v.* Havens, 446 U.S. 620, 626–29 (1980).

3.      Any error in denying Hile's motion to suppress statements he made during his CMH intake interview was harmless beyond a reasonable doubt.  *See Arizona*

2

*v. Fulminante*, 499 U.S. 279, 310 (1991) (plurality). Apart from Hile's incriminating statement of intent during the CMH interview, the government introduced evidence of three separate occasions when Hile stated he intended to kill or harm the victims. Thus, even without Hile's statement at CMH, the evidence of Hile's intent to kill or harm the victims was overwhelming.

4.      The district court did not err in denying Hile's motion to suppress the statement he made to FBI Agent Kim on the basis it was involuntary. "[C]oercive police activity is a necessary predicate to the finding that a confession is not voluntary . . . ." *Colorado v. Connelly*, 479 U.S. 157, 167 (1986) (internal quotations omitted). Hile's claim fails as he argues only that his statement was involuntary as a result of medication, and does not allege any police coercion. Moreover, Hile did not present any evidence to the district court suggesting any coercive actions.[1]

## II. Jury Instructions

1.      Hile did not object to the district court's *mens rea* jury instruction at trial. Reviewing for plain error, the district court did not err by instructing the jury that

---

[1]We decline to decide Hile's claim, raised for the first time in reply, that his spontaneous statement to FBI Agent Kim should have been suppressed as the fruit of unconstitutional interrogations at the El Cajon police station and CMH. *See United States v. Romm*, 455 F.3d 990, 997 (9th Cir. 2006).

they must find Hile "had the intent to kill, injure, harass, or place under surveillance with intent to kill, injure, harass or intimidate." Even if § 2261A(1) requires an intent of subjective purpose, rather than mere knowledge that such a result is likely to occur, this standard was not "clear" or "obvious" under the law that existed at the time. *See United States v. Smith*, 424 F.3d 992, 1002 (9th Cir. 2005) ("Plain error is so clear-cut, so obvious, a competent district judge should be able to avoid it without benefit of objection." (internal quotation and citation omitted)). Thus, the district court did not err in its *mens rea* instruction.

2.      The district court also did not err by declining to give Hile's proposed instruction on the third element of interstate stalking. The proposed instruction was, in part, an inaccurate statement of the elements of the crime. First, it stated that the government must prove that "during or after [interstate travel]," Hile placed the victims in a reasonable fear of death or serious bodily injury. This formulation eliminated the "as a result of, [interstate] travel" prong of the statute. *See* 18 U.S.C. § 2261A(1) ("and in the course of, or as a result of, such travel").

Second, the proposed instruction only stated that the jury must find that Hile placed the targeted victims in "reasonable fear of death or serious bodily injury," eliminating the "or causes . . . substantial emotional distress" prong of the statute. *See id.* In addition, although not wrong, Hile's "committed an act" language was

4

not necessary to state the third element of the crime accurately. The district court's instruction on the third element of interstate stalking was a correct statement of the law, and thus the court did not abuse its discretion by declining to adopt Hile's formulation. *See United States v. Johnson*, 956 F.2d 197, 199 (9th Cir. 1992) ("We review the formulation of jury instructions for abuse of discretion.").

Lastly, the district court did not err in its instruction on substantial emotional distress. In accordance with the plain language of the statute, the instruction stated correctly that the jury only had to determine if "substantial emotional distress" was suffered and did not need to determine whether such suffering was reasonable. 18 U.S.C. § 2261A(1) ("places that person in reasonable fear of the death of, or serious bodily injury to . . . or causes substantial emotional distress to" that person).

3.     The district court also did not err by declining to give Hile's theory of defense instruction. The instruction given stated the elements of the offense correctly and "adequately covered" Hile's theory of defense. *United States v. Romero-Avila*, 210 F.3d 1017, 1023 (9th Cir. 2000) ("[I]t is not reversible error to reject a defendant's proposed instruction on his theory of the case if other instructions adequately cover the defense theory."(internal quotations omitted)).

### III. Prosecutorial Misconduct

1. During closing argument, the government argued that Hile would have the requisite intent under § 2261A(1) even if he only intended to go to the victims' apartment and request an apology for something he knew the victims did not do. Hile did not object at trial, and we find that even assuming plain error, Hile has not demonstrated any prejudice. *See United States v. Dallman*, 533 F.3d 755, 761 (9th Cir. 2008) (plain error must affect "substantial rights"). As discussed earlier, the evidence that Hile traveled with intent to kill or harm the victims was overwhelming. As such, any error is not reversible.

2. The government also argued in closing argument that, like a "lion stalking her prey," it was not necessary under the statute for the victims to know of Hile's actions as long as in the course of, or as a result, of his travel he placed the victims in reasonable fear of death or serious bodily injury or caused substantial emotional distress. Again, Hile did not object to this argument at trial, and reviewing for plain error, we find none. The statute only requires the conduct place the victims in reasonable fear of death/serious bodily injury or cause substantial emotional distress—it does not necessarily require direct contact with the victims.

## IV. Sufficiency of the Evidence

Lastly, Hile challenges the sufficiency of the evidence supporting his convictions. Reviewing in the light most favorable to the government, the evidence is "adequate to permit a rational juror to conclude that each essential element of the [charges against Hile] was proved beyond a reasonable doubt." *United States v. Begay,* 673 F.3d 1038, 1044 (9th Cir. 2011) (en banc). As to the first element of § 2261A(1), Hile does not dispute that he traveled interstate.

As to the second element, the evidence that Hile intended to kill or harm the victims was overwhelming. *See* 18 U.S.C. § 2261A(1). At trial, three different witnesses testified to three different occasions on which Hile stated he intended to kill or harm the victims. In addition, there was evidence that Hile hacked into the victims' email accounts and collected information about their home address and contacts, went to the victims' apartment and knocked on the door, had a notebook with notes and lists that could be reasonably interpreted as a plan to kill the victims, and conducted internet searches for how to buy chloroform and buck knives. Sufficient evidence supports the jury's finding that Hile had the requisite intent.

The evidence introduced at trial is also sufficient to support the jury's finding that "in the course of, or as a result of" Hile's interstate travel, the victims

experienced a reasonable fear of death or serious bodily injury or substantial emotional distress. 18 U.S.C. § 2261A(1). Hile argues the evidence at the trial is insufficient to support the jury's finding because it was the police, and not Hile, who contacted the victims and told them of Hile's threatening behavior. But, a reasonable juror could find that Hile's actions "in the course of" his travel to San Diego, such as his visit to the victims' home, collection of supplies, and stated intentions to kill, were the cause-in-fact and proximate cause of the victims' reasonable fear and substantial emotional distress. *See United States v. Spinney*, 795 F.2d 1410, 1415 (9th Cir. 1986). It was reasonably foreseeable that the police, once informed of Hile's actions, would warn the victims and that the victims would experience reasonable fear or substantial emotional distress as a result. *See id.* The district court did not err in denying Hile's motion for a judgment of acquittal.[2]

**AFFIRMED.**

---

[2]Although Hile did not renew his motion at the close of all evidence or in a post-verdict motion, the government has not argued on appeal that this issue was waived. *See United States v. Winslow*, 962 F.2d 845, 850 (9th Cir. 1992) (holding we review unrenewed motions for judgment of acquittal "for plain error to prevent a miscarriage of justice"). Thus, the government has "waive[d] waiver." *United States v. Garcia-Lopez*, 309 F.3d 1121, 1123 (9th Cir. 2002).