**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

<table>
<tr><td>UNITED STATES OF AMERICA,<br><i>Plaintiff-Appellee</i>,<br><br>v.<br><br>DANIEL BROWN,<br><i>Defendant-Appellant.</i></td><td>No. 15-30148<br><br>D.C. No.<br>9:14-cr-00027-DLC-2<br><br><br>OPINION</td></tr>
</table>

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, Chief Judge, Presiding

Argued and Submitted June 6, 2016
Seattle, Washington

Filed June 12, 2017

Before: Richard A. Paez and Jay S. Bybee, Circuit Judges,
and Jon S. Tigar,* District Judge.

Opinion by Judge Tigar;
Dissent by Judge Bybee

---

* The Honorable Jon S. Tigar, United States District Judge for the Northern District of California, sitting by designation.

## SUMMARY[**]

### Criminal Law

The panel reversed a conviction for conspiracy to make, print, or publish "any notice or advertisement seeking or offering" child pornography in violation of 18 U.S.C. §§ 2251(d) and (e), and remanded for retrial, in a case in which the defendant was a member of an online bulletin board where members shared child pornography.

The defendant challenged his conviction on the ground that the district court violated his Sixth Amendment right to present his defense to the jury when it precluded him from arguing the government had not met its burden to show that the bulletin board involved a "notice" or an "advertisement," given the closed nature of the bulletin board. The panel held that by effectively ruling as a matter of law that the closed nature of the bulletin board was irrelevant to the question of whether an "advertisement" or a "notice" had been shown, a determination that was the jury's to make, the district court violated the defendant's fundamental right to assistance of counsel and right to present a defense, which was structural error, and relieved the prosecution of its burden to prove its case beyond a reasonable doubt.

Dissenting, Judge Bybee wrote that the majority opinion is entirely inconsistent with *United States v. Grovo*, 826 F.3d 1207 (9th Cir. 2016), which held that posting child pornography on a closed, online bulletin board was—as a

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

matter of "statutory interpretation"—an "advertisement" under § 2251(d).

## COUNSEL

Chad Wright (argued), Wright Legal P.C., Helena, Montana, for Defendants-Appellants.

Cyndee L. Peterson (argued), Assistant United States Attorney; United States Attorney's Office, Missoula, Montana, for Plaintiff-Appellee.

## OPINION

TIGAR, District Judge:

Daniel Brown was a member of an online bulletin board known as Dark Moon, where members, including Brown, shared child pornography. A jury convicted Brown of conspiracy to make, print, or publish "any notice or advertisement seeking or offering" child pornography in violation of 18 U.S.C. §§ 2251(d) and (e). The district court sentenced Brown to a prison term of fifteen years.

Brown challenges his conviction on the ground that the district court violated his Sixth Amendment right to present his defense to the jury when it precluded him from arguing the government had not met its burden to show that the Dark Moon bulletin board involved a "notice" or an "advertisement," given the closed nature of the bulletin

board.**[1]**   We reverse Brown's conviction and remand for retrial.

## I. BACKGROUND

Brown was prosecuted under 18 U.S.C. § 2251(d)(1), which provides in relevant part that:

> Any person who, in a circumstance described in paragraph (2), knowingly makes, prints, or publishes, or causes to be made, printed, or published, any notice or advertisement seeking or offering—
>
> (A) to receive, exchange, buy, produce, display, distribute, or reproduce, any visual depiction, if the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct and such visual depiction is of such conduct
>
> . . . . shall be punished as provided under subsection (e).

After the defense rested, the district court heard arguments regarding jury instructions.   Over Brown's objection requesting a more specific definition of the terms "advertisement," "advertise," and "notice" in the statute, the district court determined it would give Jury Instruction No. 21, which, in part, provided: "[t]he terms 'advertisement,'

---

**[1]** Brown raises additional arguments in his appeal, which we resolve by a separate memorandum disposition filed concurrently with this opinion.

'advertise,' and 'notice' should be interpreted as taking their ordinary, contemporary, common meaning."

After the court ruled on the parties' objections to the jury instructions, the government raised its concern that Brown's attorney would argue in closing that "because The Dark Moon was a closed board, that somehow it cannot constitute an advertisement" under 18 U.S.C. § 2251(d)(1).[2] The government argued that such an argument would be "wholly inconsistent with the case law."

In response, Brown's attorney stated that he "intend[ed] to argue that because [the Dark Moon] was a closed board, it does not constitute 'advertisement,' 'advertise,' or 'notice' under the statute . . . ." Upon questioning by the court, Brown's attorney was not able to cite any case supporting his "position that because [the Dark Moon was] a closed board, it [did] not constitute 'advertisement,' 'advertise,' or 'notice' under the statute." Instead, Brown's attorney argued that the cases cited by the government did not establish that the closed nature of a bulletin board was irrelevant to the determination of whether a "notice" or "advertisement" had been made, but rather these cases stood simply for the proposition that the closed nature of a bulletin board does not *preclude* prosecution under 18 U.S.C. § 2251(d)(1).[3] Brown's counsel

---

[2] The Dark Moon bulletin board was "closed," as it was inaccessible to the public and required a username and password to enter. The "rules" of the board also prohibited "members from disseminating the board URL to the general public and [required] all content uploaded to the board to be encrypted and password-protected."

[3] Brown's counsel stated: "[T]he cases [the government is] citing here [involve defendants arguing that the government] can't charge them with

argued that the closed nature of the board was one factual consideration that the jury should be permitted to consider in determining "whether the government meets the proof beyond a reasonable doubt."

The district court considered the parties arguments and stated: "I'm satisfied, based on the authority that's been cited to me by the government in this case, . . . that a closed board, such as this one, does constitute or does have a component of it that is a notice or advertisement under the applicable statute." The district court then ruled: "to the extent you [Brown's counsel] want to make that argument [to the contrary], you want to offer that defense, I'm not going to let you do it." The district court explained its reasoning as follows: "I just think clearly that when you have a [site] like the Dmoon bulletin board where you are making available, to anybody that wants to get into this particular bulletin board, the services that are being offered in that bulletin board in the manner as it has been demonstrated through the evidence in this case, that . . . to me . . . meets the definition of what would be 'advertisement,' 'advertise,' or 'notice.'"

## II. DISCUSSION

"We review *de novo* whether there has been a violation of . . . the Sixth Amendment right to make a defense." *United States v. Stever*, 603 F.3d 747, 752 (9th Cir. 2010). "Whether grounded in the Sixth Amendment's guarantee of compulsory process or in the more general Fifth Amendment guarantee of due process, the Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense." *Id.*

---

[18 U.S.C. § 2251(d)(1)] because [the government] can't meet the definition [of "advertise" or "notice"]."

at 755 (internal quotation marks omitted).  As this Court explained in *Conde v. Henry*:

> In *Herring v. New York*, the Supreme Court set out the principle that the "closing argument for the defense is a basic element of the adversary fact finding process in a criminal trial."  422 U.S. 853, 858 (1975). Thus, "it has universally been held that counsel for the defense has a right to make a closing summation to the jury, no matter how strong the case for the prosecution may appear to the presiding judge." *Id.*  Although a court may limit arguments that are unduly time consuming, "stray unduly from the mark, or otherwise impede the fair and orderly conduct," *id.* at 862, denying an accused the right to make final arguments on his theory of the defense denies him the right to assistance of counsel, *see id.* at 865.

198 F.3d 734, 739 (9th Cir. 1999).  At the same time, a district court may prevent a defendant from "arguing incorrect statements of law, something that is well within the court's discretion." *United States v. Doe*, 705 F.3d 1134, 1149 (9th Cir. 2013) (citing *Herring*, 422 U.S. at 860 ("The Constitutional right of a defendant to be heard through counsel necessarily includes his right to have his counsel make a *proper argument* on the evidence and the *applicable law* in his favor . . . .")) (emphasis in *Doe*).

   Here, the district court effectively ruled that, as a matter of law, the closed nature of the Dark Moon bulletin board was irrelevant to the question of whether an "advertisement" or a

"notice" had been shown, and thus could not properly be considered by the jury.[4]  Indeed, the trial judge's remarks suggest that he foreclosed Brown's argument in part because he concluded that the government had met its burden as to that element of the statute.  Because that determination was the jury's to make, we conclude that it was error for the district court to prevent Brown from arguing that the government failed to meet its burden.

The cases cited by the government, or relied on by the court below, do not counsel otherwise.  In *United States v. Christie*, for example, the defendant moved to dismiss several counts in the indictment, which charged him with advertising child pornography in violation of 18 U.S.C. § 2251(d)(1). 570 F. Supp. 2d 657, 661 (D.N.J. 2008).  The defendant argued that his posts to a password-protected website "containing only links" and not "any indication whatsoever, of what the link[s] contain[]," did not "satisfy the notice or advertisement requirement" under the statute. *Id.* at 665.  The district court denied defendant's motion to dismiss these counts of the indictment, holding that "a non-descriptive link to an image or video of child pornography satisfies the notice and advertising element of 18 U.S.C. § 2251." *Id.* at 666. Because the ruling was made at the motion to dismiss stage, the *Christie* court simply had no reason to address whether the closed nature of a bulletin board may be considered by a jury in determining whether particular conduct constituted a "notice" or an "advertisement."

---

[4] The district court also stated: "the services . . . offered in that bulletin board *in the manner as it has been demonstrated through the evidence in this case*, that that, *to me*, meets the definition of what would be 'advertisement,' 'advertise,' or 'notice.'"(emphasis added).

In *United States v. Rowe*, on which the *Christie* court relied, the defendant was charged with advertising child pornography in violation of 18 U.S.C. § 2251(c) (now designated § 2251(d)). 414 F.3d 271, 272 (2d Cir. 2005). The defendant was tried before a jury, and after the government rested its case, the defendant moved for judgment as a matter of law, arguing that the "chat-room posting identified in the indictment" did not amount to a "specific solicitation for exchange of child pornography." *Id.* at 275. The district court denied defendant's motion, finding that the government's evidence, when viewed as a whole, was "adequate to charge validly and prove the offense of the indictment." *Id.* After the defense put on its case, the jury found the defendant guilty. *Id.*

On appeal, the defendant challenged the district court's denial of his motion for judgment as a matter of law, arguing that his posting was not a "notice or advertisement" within the meaning of the statute. *Id.* at 276. The Second Circuit "affirm[ed] the district judge's ruling that [the defendant's] chat-room posting was a 'notice or advertisement' within the meaning of § 2251(c)." *Id.* at 277. However, as in *Christie*, nothing in *Rowe* supports the government's contention that the closed nature of a bulletin board cannot, as a matter of law, be considered by the jury in determining the presence of an "advertisement" or "notice." The Second Circuit stated only that certain conduct was "*sufficient* to constitute a 'notice or advertisement' within the meaning of § 2251(c)." *Id.* at 277 (emphasis added). But the mere fact that certain conduct was sufficient to survive defendant's motion for a judgment as a matter of law does not support the claim that the closed nature of a bulletin board is irrelevant as a matter of law.

Finally, in *United States v. Grovo*, we interpreted, for the first time, the meaning of "advertisement" in 18 U.S.C. § 2251(d). 826 F.3d 1207 (9th Cir. 2016). Grovo was convicted of conspiracy to advertise child pornography under 18 U.S.C. § 2251(d) based on his participation in the Kingdom of Future Dreams ("KOFD") online bulletin board. *Id.* at 1211. Grovo appealed, challenging, among other things, the sufficiency of the evidence for his conviction for conspiracy to advertise child pornography. *Id.* In particular, Grovo argued that his posts on the KOFD bulletin board "were not 'advertisements' for child pornography" because "an advertisement for child pornography must be published in the press or broadcast over the air, or must otherwise be publicly and generally known." *Id.* at 1217.

After reviewing several dictionary definitions, we held that "an advertisement need not necessarily be published in the press or broadcast over the air," and "advertising to a particular subset of the public *is sufficient to sustain a conviction* under [§ 2251(d)]," and that "a post on [a closed board] *can* satisfy the legal definition of an advertisement under § 2251(d)." 826 F.3d 1207, 1218–19 (9th Cir. 2016) (emphasis added). As a result, we concluded that the evidence presented at trial, which showed that defendant's "posts were shared with a closed community of 40 to 45 individuals on the KOFD message boards," was sufficient to sustain Grovo's conviction.

While *Grovo* is instructive, it is not dispositive in this case. We did not rule there that the closed nature of an online bulletin board is irrelevant to the factfinder's determination of whether posts on that bulletin board constituted "advertisements." *Id.* at 1219 ("A rational factfinder *could* conclude beyond a reasonable doubt that these two posts were

advertisements 'offering to . . . display' child pornography to other KOFD members.") (emphasis added). *Grovo* did not present us with the opportunity to opine on that question, because the only issue before the court was whether the evidence presented in that case was sufficient to sustain the defendant's conviction. In *United States v. Franklin*, relied upon in *Grovo*, the Tenth Circuit likewise concluded in a review of the sufficiency of the evidence "that a rational fact-finder *could* regard [the defendant's] postings of child pornography as advertisements or notices under § 2251(d)(1)(A)." 785 F.3d 1365, 1370 (10th Cir. 2015).

The question now before the Court is not whether the evidence against Brown was sufficient to support a conviction. Were that the question before us, we would ask whether, "viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Kaplan*, 836 F.3d 1199, 1211–12 (9th Cir. 2016). Instead, the question is whether the defense had a fair chance to argue the evidence in the first place. There is a wide gulf between saying that evidence is sufficient to convict, and saying that such evidence is *always sufficient as a matter of law* to convict.[5]

---

[5] Counsel regularly argue that the evidence does or does not meet the elements of a statute in closing argument. *See, e.g.*, *United States v. Hile*, 626 F. App'x 674, 677–78 (9th Cir. 2015) (noting the prosecutor argued that "it was not necessary under the statute for the victims to know of [the defendant's] actions as long as in the course of, or as a result, of his travel he placed the victims in reasonable fear of death or serious bodily injury or caused substantial emotional distress"); *Lang v. Cullen*, 725 F. Supp. 2d 925 (C.D. Cal. 2010) (explaining that defense counsel argued evidence met the "any other circumstance" prong of California's death penalty statute).

To be clear, had counsel wanted to argue only that Brown's posts could not qualify as "advertisements" or "notice" because he had posted on a closed board, such an argument would be foreclosed by *Grovo*. Rather, as he told the trial court, counsel wanted to argue that *in this particular case* "the features of the board don't meet the . . . common and contemporary definition of 'notice' and 'advertisement.'" These features included not only that the board was closed, but also that it was password-protected, that the rules of the forum required that files be encrypted, and that it had relatively few participants. As Brown aptly points out, "*Grovo* does not create an automatic finding of guilt anytime someone is charged with advertising child pornography on an electronic bulletin board," and certainly no case reaches that conclusion on the particular facts before us.

---

The dissent attempts to set up a dilemma for trial judges in future cases by suggesting there is an irreconcilable conflict between this court's holding in *Grovo* and its holding today. The dissent asks, "What is [a district court] to do in the next case?" —meaning follow this case or *Grovo*. Diss. Op. at 21. But this hypothetical dilemma is based on a false premise—that the question of the sufficiency of the evidence is the same as that of whether closing argument should be allowed. In fact, the questions are not the same, and what a trial judge should do is simple: allow the defendant to make a closing argument and then, if the jury convicts, allow the verdict to stand against challenge if the evidence supports the verdict. That is exactly what criminal trial judges have always done.

None of the cases the dissent cites illustrates the peril it alleges. Instead, those cases hold that a trial court does not err by refusing to give an instruction that allows jurors to acquit a defendant even when the government has proven its case. *United States v. Powell*, 955 F.2d 1206, 1212–13 (9th Cir. 1991). No party makes such a request here, and that is not the effect of today's holding. The result is only to make sure that jurors, and not the presiding judge, *Herring*, 422 U.S. at 858, are the ones to decide whether the government has proven its case.

Nor need Brown prove that his defense, as presented, would have succeeded. "[N]o matter how strong the case for the prosecution may appear to the presiding judge," Brown had the right to present a defense that was not precluded as a matter of law. *Herring*, 422 U.S. at 858. The fact that other convictions with certain similar facts, *see Franklin*, 785 F.3d at 1367 (involving a closed network where material could only be accessed by "friends"); *United States v. Wayerski*, 624 F.3d 1342, 1348 (11th Cir. 2010) (involving a closed board with a "sophisticated group of approximately 45 individuals"), have been upheld on appeal does not foreclose Brown from making similar distinguishing factual arguments to the ones those defendants made.

By refusing to allow Brown to present his defense in closing argument based on the closed nature of the Dark Moon bulletin board, the district court "violated [Brown's] fundamental right to assistance of counsel and right to present a defense, and it relieved the prosecution of its burden to prove its case beyond a reasonable doubt." *Conde*, 198 F.3d at 739. "[A] deficient closing argument '[lessens] the Government's burden of persuading the jury[,]' [and] cause[s] the 'breakdown of our adversarial system.'" *Id.* (quoting *United States v. Swanson*, 943 F.2d 1070, 1074 (9th Cir. 1991)). Since "preventing a defendant from arguing a legitimate defense theory constitutes structural error," *Frost v. Van Boening*, 757 F.3d 910, 916 (9th Cir. 2014) (en banc), *judgment rev'd on other grounds sub. nom. Glebe v. Frost*, 135 S. Ct. 429 (2014) (citing *United States v. Miguel*, 338 F.3d 995, 1000–03 (9th Cir. 2003) and *Conde*, 198 F.3d at 739), we must reverse Brown's conviction accordingly, *see*

*Miguel*, 338 F.3d at 995 ("[S]uch an error is structural and requires reversal").

**REVERSED** and **REMANDED** for retrial.

---

BYBEE, Circuit Judge, dissenting:

The majority opinion is entirely inconsistent with our holding in *United States v. Grovo*, 826 F.3d 1207 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 1112 (2017). There, a panel of our court held that posting child pornography on a closed, online bulletin board was—as a matter of "statutory interpretation"—an "advertisement" under 18 U.S.C. § 2251(d). *Id.* at 1217. We could not have been clearer:

> [W]e hold that advertising to a particular subset of the public is sufficient to sustain a conviction under the statute. . . . Here, the defendants' posts were shared with a closed community of 40 to 45 individuals on the [Kingdom of Future Dreams (KOFD)] message boards. Their posts constitute advertisements under § 2251(d).

*Id*. at 1218–19. Today, the majority announces that arguing that posting is not advertising is now a jury question and denying Brown the opportunity to so argue was "structural error." Maj. Op. at 13–14.

Not only has the majority undone *Grovo*, it has done so in a case that could not be more similar on its facts. The online bulletin board in question here, Dark Moon, was the

successor to KOFD, the board at issue in *Grovo*. Members of KOFD were directed to Dark Moon after the administrator of KOFD decided to idle the website. Dark Moon, however, at over 100 members, was nearly twice as large as KOFD.

The majority has turned a clear statement of our law into an invitation for jury nullification. I respectfully, but vigorously, dissent.

I

The statute Brown was convicted under, 18 U.S.C. § 2251(d), required the government to prove that he had published a "notice or advertisement seeking or offering" child pornography. Brown did not dispute that he had posted to the board. He wanted to argue to the jury only that because he had posted to a closed board, he had not "advertise[d]" or put up a "notice."

The district court correctly anticipated our holding in *Grovo*. It ruled, as a matter of law, "that a closed board, such as this one, does constitute or does have a component of it that is a notice or advertisement under the applicable statute." Thus, the district court prohibited defense counsel from arguing that the closed nature of the board necessarily means that activity on that board was not advertising.

In *Grovo*, decided a year after the trial in this case, we addressed precisely the same question. Grovo and Petersen argued that "because their posts of KOFD were visible only to members of that message board and not to the public as a whole," the evidence was not sufficient to sustain their convictions under § 2251(d). *Grovo*, 826 F.3d at 1217. We addressed the sufficiency claim in two distinct steps. First,

we addressed the whether "an advertisement for child pornography must be published in the press or broadcast over the air, or must otherwise be publicly and generally known." *Id.* We treated this question as one of "statutory interpretation" and reviewed it de novo. *Id.* at 1213. Starting with "the plain language of the statute," we examined various dictionaries and rejected Grovo and Petersen's claims that an advertisement had to "be published in the press or broadcast over the air." *Id.* at 1217–18 (citation omitted). We analogized the postings to placing an ad in an alumni magazine, a neighborhood circular, or a high school yearbook; these would be "advertisements" "notwithstanding that it is publicized to only a cohort of the community that shares a particular affiliation or interest." *Id.* at 1208. Agreeing with the Tenth Circuit's decision in *United States v. Franklin*, 785 F.3d 1365 (10th Cir.), *cert. denied*, 136 S. Ct. 523 (2015), we held that "advertising to a particular subset of the public is sufficient to sustain a conviction under the statute." *Grovo*, 826 F.3d at 1218.

Only then, "[h]aving concluded a post on KOFD can satisfy the legal definition of an advertisement under § 2251(d)," *id.* at 1219, did we turn to Grovo and Petersen's individual postings. We had little difficulty concluding that there was sufficient evidence to show that Grovo and Petersen had posted on KOFD. *See id.* ("[Grovo's] post . . . requesting pictures from the well-known child pornography studio . . . was an 'advertisement seeking . . . to receive' child pornography." (fourth alteration in original) (quoting 18 U.S.C. § 2251(d)); *id.* (holding that Petersen's two posts were advertisements even though "they did not contain an explicit declaration he was 'offering child pornography'").

II

*Grovo* should have been the beginning and the end of our discussion.  Because Brown does not dispute that he posted child pornography on Dark Moon, the only question before us is whether the posting constituted "advertising."  *Grovo* said, as a matter of law, it does.  The panel says it is a jury question.  These two points cannot remain simultaneously in our heads without blowing a fuse.

The majority makes much of the fact that *Grovo* was a challenge to the sufficiency of the evidence and points out the "wide gulf between saying that evidence is sufficient to convict, and saying that such evidence is *always sufficient as a matter of law* to convict."  Maj. Op. at 11.  I am not sure what the majority means by this.  If the majority means that sometimes the *same* evidence will be sufficient to convict and sometimes it won't, I couldn't disagree more.  That's why we have a rule of law.  But if the majority means that a defendant such as Brown should have the opportunity to show how his case is different from *Grovo*, then I agree completely.  I just don't believe that Brown has anything new to argue that wasn't covered in *Grovo*.  The reason I say that with some confidence is that *Grovo* was on everyone's mind, because the case had come out of the same district, the District of Montana, and the appeal was pending before this court.  Both the prosecutor and Brown's counsel referred to the district court's decision in *Grovo* by name.  And Brown's counsel knew that he was pressing exactly the same argument counsel for Grovo and Petersen had made.  Here is the prosecutor's argument:

> And as another example, Your Honor, a similar argument was made in front of Judge

Molloy in another trial . . . , *United States v. Stephen Grovo and Joshua Peterson*. Now that was a bench trial, but during the Rule 29 proceedings, the defendants made a similar argument that because KOFD was a closed board similar to The Dark Moon, that there could be no advertisement. And Judge Molloy also disagreed with that.

The district court (Judge Christensen) then had the following colloquy with counsel for Brown:

Mr. Wright, do you intend to argue that because this was a closed board, it does not constitute advertising—excuse me. Let me get the exact words—"advertisement," "advertise," or "notice" under the statute? Do you intend to argue that?

Counsel responded:

I will argue that the features of the board don't meet the common definition, as you put in the instruction here, Your Honor, the common contemporary definition of "notice" and "advertisement."

The district court pressed the question again:

Okay. Let me reread my question. Do you intend to argue that because this was a closed board, it does not constitute "advertisement," "advertise," or "notice" under the statute as I have instructed the jury in how they're to

interpret those words?  Do you intend to make that argument?

Defense counsel responded, "Yes."  The district court then asked counsel for his best authority.  Here is what counsel said:

> Well, my response is, Your Honor, that it's not that I can cite a case.  It's the cases we've talked about and that the government just cited, is to say, Can these cases go forward?  Is it proper to charge these people under these cases? . . .  That's what *Grovo* and *Peterson* were talking about.

The district court prohibited Brown's counsel from making the argument to the jury because the court ruled, as a matter of law, that posting satisfied the statutory requirement of an "advertisement."

The majority seems to recognize that Brown's counsel wanted to revisit Judge Molloy's ruling in *Grovo*: "[A]s he told the trial court, counsel wanted to argue that *in this particular case* 'the features of the board don't meet the . . . common and contemporary definition of "notice" and "advertisement."'"  Maj. Op. at 12 (second alteration in original).  Counsel for Brown and counsel for Grovo and Petersen wanted to make precisely the same argument; they wanted to tell the jury that a closed board—the "features of the board"—would not satisfy the "common definition" of "advertisement." It is understandable why counsel thought he could make this argument to Judge Christensen:  *Grovo* had not been decided at the time by this court; it had only been

decided by a different district judge. The majority doesn't have the same excuse.

The majority argues that Brown should have the opportunity to argue that the features of the Dark Moon board were somehow different from KOFD. The majority points to three such features: password-protection, the "relatively few participants" in the board, and that the "rules of the forum required that the files be encrypted." Maj. Op. at 12. None of these features will help Brown. To begin, "password-protection" and the "closed" nature of the board are redundant features. *See* Maj. Op. at 5 n.2 ("The Dark Moon bulletin board was 'closed,' as it was inaccessible to the public and required a username and password to enter."). And we decided posting on a closed, password protected board was advertising in *Grovo*. 826 F.3d at 1218–19. Second, the "relatively few participants" feature also could not, as a matter of law under *Grovo*, preclude a posting from being an "advertisement" or a "notice." *Grovo* held that "advertising to a particular subset of the public is sufficient to sustain a conviction under [§ 2251(d)]" and concluded that KOFD's closed community of 40–45 members was sufficiently "public" to constitute advertisement. *Id.* at 1218. Meanwhile, there were over 100 members of Dark Moon worldwide. Finally, the question of encryption did not arise as a separate argument in *Grovo*, and Brown's only argument about encryption relates to an expectation of privacy for Fourth Amendment purposes. But if it were relevant, we would still have to decide as a matter of law whether encryption matters. I don't see how it can have any bearing on whether a posting is advertising, but the majority is free to persuade me. The one thing we don't get to do is leave it to individual juries to decide whether an encrypted post, as

opposed to an unencrypted post, is an "advertisement." As *Grovo* makes clear, that is a judgment as a matter of law.

There is nothing here to take to the jury, and making the question of "advertisement" a jury question is an invitation for the jury to nullify the law. The Sixth Amendment's right to present a defense does not include the right to ask for jury nullification. *United States v. Powell*, 955 F.2d 1206, 1213 (9th Cir. 1991); *see also United States v. Navarro-Vargas*, 408 F.3d 1184, 1202–06 (9th Cir. 2005) (en banc) (rejecting request to instruct the grand jury on nullification). Our legal system has long recognized "it is the duty of juries in criminal cases to take the law from the court and apply that law to the facts as they find them to be from the evidence." *Sparf v. United States*, 156 U.S. 51, 102 (1895). The majority opinion invites the "anarchy [that] . . . result[s] from instructing the jury that it may ignore the requirements of the law." *Powell*, 955 F.2d at 1213.

### III

Judge Molloy held that posting on a closed board was an "advertisement" under § 2251(d). We affirmed him in *Grovo*. Judge Christensen followed Judge Molloy, so we reverse him today for "structural error." What is Judge Morris (or any other district judge) to do in the next case? No matter what he decides, he has a 100 percent chance of having a Ninth Circuit case to support him. But he has only a 50–50 chance of being affirmed. This case cries for correction.

I dissent.