Dissent by Judge Bybee
OPINION
TIGAR, District Judge:
Daniel Brown was a member of an online bulletin board known as Dark Moon, where members, including Brown, shared child pornography. A jury convicted Brown of conspiracy to make, print, or publish “any notice or advertisement seeking or offering” child pornography in violation of 18 U.S.C. §§ 2251(d) and (e). The district court sentenced Brown to a prison term of fifteen years.
Brown challenges his conviction on the ground that the district court violated his Sixth Amendment right to present his defense to the jury when it precluded him from arguing the government had not met its burden' to show that the Dark Moon bulletin board involved a “notice” or an “advertisement,” given the closed nature of the bulletin board.[1] We reverse Brown’s conviction and remand for retrial.
I. BACKGROUND
Brown was prosecuted under 18 U.S.C. § 2251(d)(1), which provides in relevant part that:
Any person who, in a circumstance described in paragraph (2), knowingly makes, prints, or publishes, or causes to be made, printed, or published, any notice or advertisement seeking or offering—
(A) to receive, exchange, buy, produce, display, distribute, or reproduce, any visual depiction, if the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct and such visual depiction is of such conduct
.... shall be punished as provided under subsection (e).
After the defense rested, the district court heard arguments regarding jury instructions. Over Brown’s objection requesting a more specific definition of the terms “advertisement,” “advertise,” and “notice” in the statute, the district court determined it would give Jury Instruction *733 No. 21, which, in part, provided: “[t]he terms ‘advertisement,’ ‘advertise,’ and ‘notice’ should be interpreted as taking their ordinary, contemporary, common meaning.”
After the court ruled on the parties’ objections to the jury instructions, the government raised its concern that Brown’s attorney would argue in closing that “because The Dark Moon was a closed board, that somehow it cannot constitute an advertisement” under 18 U.S.C. § 2251(d)(1).[2] The government argued that such an argument would be “wholly inconsistent with the case law.”
In response, Brown’s attorney stated that he “intend[ed] to argue that because [the Dark Moon] was a closed board, it does not constitute ‘advertisement,’ ‘advertise,’ or ‘notice’ under the statute.... ” Upon questioning by the court, Brown’s attorney was not able to cite any case supporting his “position that because [the Dark Moon was] a closed board, it [did] not constitute ‘advertisement,’ ‘advertise,’ or ‘notice’ under the statute.” Instead, Brown’s attorney argued that the cases cited by the government did not establish that the closed nature of a- bulletin board was irrelevant to the determination of whether a “notice” or “advertisement” had been made, but rather these cases stood simply for the proposition that the closed nature of a bulletin board does not preclude prosecution under 18 U.S.C. § 2251(d)(1).[3] Brown’s counsel argued that the closed nature of the board was one factual consideration that the jury should be permitted to consider in determining “whether the government meets the proof beyond a reasonable doubt.”
The district court considered the parties arguments and stated: “I’m satisfied, based on the authority that’s been cited to me by the government in this case, ... that a closed board, such as this one, does constitute or does have a component of it that is a notice or advertisement under the applicable statute.” The district court then ruled: “to the extent you [Brown’s counsel] want to make that argument [to the contrary], you want to offer that defense, I’m not going to let jlou do it.” The district court explained its reasoning as follows: “I just think clearly that when you have a [site] like the Dmoon bulletin board where you are making available, to anybody that wants to get into this particular bulletin board, the services that are being offered in that bulletin board in the manner as it has been demonstrated through the evidence in this case, that ... to me ... meets the definition of what would be ‘advertisement,’ ‘advertise,’ or ‘notice.’ ”
II. DISCUSSION
“We review de novo whether there has been a violation of ... the Sixth Amendment right to make a defense.” United States v. Stever, 603 F.3d 747, 752 (9th Cir. 2010). “Whether grounded in the Sixth Amendment’s guarantee of compulsory process or in the more general Fifth Amendment guarantee of due process, the Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense.” Id. at 755 (internal *734 quotation marks omitted). As this Court explained in Conde v. Henry:
In Herring v. New York, the Supreme Court set out the principle that the “closing argument for the defense is a basic element of the adversary fact finding process in a criminal trial.” 422 U.S. 853, 858 [95 S.Ct. 2550, 45 L.Ed.2d 593] (1975). Thus, “it has universally been held that counsel for the defense has a right to make a closing summation to the jury, no matter how strong the case for the prosecution may appear to the presiding judge.” Id. Although a court may limit arguments that are unduly time consuming, “stray unduly from the mark, or otherwise impede the fair and orderly conduct,” id. at 862 [95 S.Ct. 2550], denying an accused the right to make final arguments on his theory of the defense denies him the right to assistance of counsel, see id. at 865 [95 S.Ct. 2550].
198 F.3d 734, 739 (9th Cir. 1999). At the same time, a district court may prevent a defendant from “arguing incorrect statements of law, something that is well within the court’s discretion.” United States v. Doe, 705 F.3d 1134, 1149 (9th Cir. 2013) (citing Herring, 422 U.S. at 860, 95 S.Ct. 2550 (“The Constitutional right of a defendant to be heard through counsel necessarily includes his right to have his counsel make a proper argument on the evidence and the applicable law in his favor.... ”)) (emphasis in Doe).
Here, the district court effectively ruled that, as a matter of law, the closed nature of the Dark Moon bulletin board was irrelevant to the question of whether an “advertisement” or a “notice” had been shown, and thus could not properly be considered by the jury.[4] Indeed, the trial judge’s remarks suggest that he foreclosed Brown’s argument in part because he concluded that the government had met its burden as to that element of the statute. Because that determination was the jury’s to make, we conclude that it was error for the district court to prevent Brown from arguing that the government failed to meet its burden.
The cases cited by the government, or relied on by the court below, do not counsel otherwise. In United States v. Christie, for example, the defendant moved to dismiss several counts in the indictment, which charged him with advertising child pornography in violation of 18 U.S.C. § 2251(d)(1). 570 F.Supp.2d 657, 661 (D.N.J. 2008). The defendant argued that his posts to a password-protected website “containing only links” and not “any indication whatsoever, of what the link[s] contain!],” did not “satisfy the notice or advertisement requirement” under the statute. Id. at 665. The district court denied defendant’s motion to dismiss these counts of the indictment, holding that “a non-descriptive link to an image or video of child pornography satisfies the notice and advertising element of 18 U.S.C. § 2251.” Id. at 666. Because the ruling was made at the motion to dismiss stage, the Christie court simply had no reason to address whether the closed nature of a bulletin board may be considered by a jury in determining whether particular conduct constituted a “notice” or an “advertisement.”
In United States v. Rowe, on which the Christie court relied, the defendant was charged with advertising child pornography in violation of 18 U.S.C. § 2251(c) *735 (now designated § 2251(d)). 414 F.3d 271, 272 (2d Cir. 2005). The defendant was tried before a jury, and after the government rested its ease, the defendant moved for judgment as a matter of law, arguing that the “chat-room posting identified in the indictment” did not amount to a “specific solicitation for exchange of child pornography.” Id. at 275. The district court denied defendant’s motion, finding that the government’s evidence, when viewed as a whole, was “adequate to charge validly and prove the offense of the indictment.” Id. After the defense put on its case, the jury found the defendant guilty. Id.
On appeal, the defendant challenged the district court’s denial of his motion for judgment as a matter of law, arguing that his posting was not a “notice or advertisement” within the meaning of the statute. Id. at 276. The Second Circuit “affirm[ed] the district judge’s ruling that [the defendant’s] chat-room posting was a ‘notice or advertisement’ within the meaning of § 2251(c).” Id. at 277. However, as in Christie, nothing in Rowe supports the government’s contention that the closed nature of a bulletin board cannot, as a matter of law, be considered by the jury in determining the presence of an “advertisement” or “notice.” The Second Circuit stated only that certain conduct was “sufficient to constitute a ‘notice or advertisement’ within the meaning of § 2251(c).” Id. at 277 (emphasis added). But the mere fact that certain conduct was sufficient to survive defendant’s motion for a judgment as a matter of law does not support the claim that the closed nature of a bulletin board is irrelevant as a matter of law.
Finally, in United States v. Grovo, we interpreted, for the first time, the meaning of “advertisement” in 18 U.S.C. § 2251(d). 826 F.3d 1207 (9th Cir. 2016). Grovo was convicted of conspiracy to advertise child pornography under 18 U.S.C. § 2251(d) based on his participation in the Kingdom of Future Dreams (“KOFD”) online bulletin board. Id. at 1211. Grovo appealed, challenging, among other things, the sufficiency of the evidence for his conviction for conspiracy to advertise child pornography. Id. In particular, Grovo argued that his posts on the KOFD bulletin board “were not ‘advertisements’ for child pornography” because “an advertisement for child pornography must be published in the press or broadcast over the air, or must otherwise be publicly and generally . known.” Id. at 1217.
After reviewing several dictionary definitions, we held that “an advertisement need not necessarily be published in the press or broadcast over the air,” and “advertising to a particular subset of the public is sufficient to sustain a conviction under [§ 2251(d) ],” and that “a post on [a closed board] can satisfy the legal definition of an advertisement under § 2251(d).” 826 F.3d 1207, 1218-19 (9th Cir. 2016) (emphasis added). As a result, we concluded that the evidence presented at trial, which showed that defendant’s “posts were shared with a closed community of 40 to 45 individuals on the KOFD message boards,” was sufficient to sustain Grovo’s conviction.
While Grovo is instructive, it is not dis-positive in this case. We did not rule there that the closed nature of an online bulletin board is irrelevant to the factfinder’s determination of whether posts on that bulletin board constituted “advertisements.” Id. at 1219 (“A rational factfinder could conclude beyond a reasonable doubt that these two posts were advertisements ‘offering to ... display’ child pornography to other KOFD members.”) (emphasis added). Grovo did not present us with the opportunity to opine on that question, because the only issue before the court was whether the evidence presented in that *736 case was sufficient to sustain the defendant’s conviction. In United States v. Franklin, relied upon in Grovo, the Tenth Circuit likewise concluded in a review of the sufficiency of the evidence “that a rational factfinder could regard [the defendant’s] postings of child pornography as advertisements or notices under § 2251(d)(1)(A).” 785 F.3d 1365, 1370 (10th Cir. 2015).
The question now before the Court is not whether the evidence against Brown was sufficient to support a conviction. Were that the question before us, we would ask whether, “viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” United States v. Kaplan, 836 F.3d 1199, 1211-12 (9th Cir. 2016). Instead, the question is whether the defense had a fair chance to argue the evidence in the first place. There is a wide gulf between saying that evidence is sufficient to convict, and saying that such evidence is always sufficient as a matter of law to convict.[5]
To be clear, had counsel wanted to argue only that Brown’s posts could not qualify as “advertisements” or “notice” because he had posted on a closed board, such an argument would be foreclosed by Grovo. Rather, as he told the trial court, counsel wanted to argue that in this particular case “the features of the board don’t meet the ... common and contemporary definition of ‘notice’ and ‘advertisement.’ ” These features included not only that the board was closed, but also that it was password-protected, that the rules of the forum required that files be encrypted, and that it had relatively few participants. As Brown aptly points out, “Grovo does not create an automatic finding of guilt anytime someone is charged with advertising child pornography on an electronic bulletin board,” and certainly no case reaches that conclusion on the particular facts before us.
Nor need Brown prove that his defense, as presented, would have succeeded. “[N]o matter how strong the case for the prosecution may appear to the presiding *737 judge,” Brown had the right to present a defense that was not precluded as a matter of law. Herring, 422 U.S. at 858, 95 S.Ct. 2550. The fact that other convictions with certain similar facts, see Franklin, 785 F.3d at 1367 (involving a closed network where material could only be accessed by “friends”); United States v. Wayerski, 624 F.3d 1342, 1348 (11th Cir. 2010) (involving a closed board with a “sophisticated group of approximately 45 individuals”), have been upheld on appeal does not foreclose Brown from making similar distinguishing factual arguments to the ones those defendants made.
By refusing to allow Brown to present his defense in closing argument based on the closed nature of the Dark Moon bulletin board, the district court “violated [Brown’s] fundamental right to assistance of counsel and right to present a defense, and it relieved the prosecution of its burden to prove its case beyond a reasonable doubt.” Conde, 198 F.3d at 739. “[A] deficient closing argument ‘[lessens] the Government’s burden of persuading the jury[,]’ [and] cause[s] the ‘breakdown of our adversarial system.’” Id. (quoting United States v. Swanson, 943 F.2d 1070, 1074 (9th Cir. 1991)). Since “preventing a defendant from arguing a legitimate defense theory constitutes structural error,” Frost v. Van Boening, 757 F.3d 910, 916 (9th Cir. 2014) (en banc), judgment rev’d on other grounds sub. nom. Glebe v. Frost, — U.S. -, 135 S.Ct. 429, 190 L.Ed.2d 317 (2014) (citing United States v. Miguel, 338 F.3d 995, 1000-03 (9th Cir. 2003) and Conde, 198 F.3d at 739), we must reverse Brown’s conviction accordingly, see Miguel, 338 F.3d at 995 (“[S]uch an error is structural and requires reversal”).
REVERSED and REMANDED for retrial.

 The Honorable Jon S. Xigar, United States District Judge for the Northern District of California, sitting by designation.

. Brown raises additional arguments in his appeal, which we resolve by a separate memorandum disposition filed concurrently yith this opinion.

. The Dark Moon bulletin board was "closed,” as it was inaccessible to the public and required a username and password to enter. The "rules” of the board also prohibited "members from disseminating the board URL to the general public and [required] all content uploaded to the board to be encrypted' and password-protected.”

. Brown’s counsel stated: "[T]he cases [the government is] citing here [involve defendants arguing that the government] can’t charge them with [18 U.S.C. § 2251(d)(1)] because [the government] can’t meet the definition [of "advertise” or "notice”].”

. The district court also stated: "the services ... offered in that bulletin board in the manner as it has been demonstrated, through the evidence in this case, that that, to me, meets the definition of what would be 'advertisement,' ‘advertise,’ or 'notice.'" (emphasis added).

. Counsel regularly argue that the evidence does or does not meet the elements of a statute in closing argument. See, e.g., United States v. Hile, 626 Fed.Appx. 674, 677-78 (9th Cir. 2015) (noting the prosecutor argued that "it was not necessary under the statute for the ' victims to know of [the defendant's] actions as long as in the course of, or as a result, of his travel he placed the victims in reasonable fear of death or serious bodily injury or caused substantial emotional distress”); Lang v. Cullen, 725 F.Supp.2d 925 (C.D. Cal. 2010) (explaining that defense counsel argued evidence met the "any other circumstance” prong of California’s death penalty statute).
The dissent attempts to set up a dilemma for trial judges in future cases by suggesting there is an irreconcilable conflict between this court’s holding in Grovo and its holding today. The dissent asks, “What is [a district court] to do in the next case?” — meaning follow this case or Grovo. Diss. Op. at 740. But this hypothetical dilemma is based on a false premise — that the question of the sufficiency of the evidence is the same as that of whether closing argument should be allowed. In fact, the questions are not the same, and what a trial judge should do is simple: allow the defendant to make a closing argument and then, if the jury convicts, allow the verdict to stand against challenge if the evidence supports the verdict. That is exactly what criminal trial judges have always done.
None of the cases the dissent cites illustrates the peril it alleges. Instead, those cases hold that a trial court does not err by refusing to give an instruction that allows jurors to acquit a defendant even when the government has proven its case. United States v. Powell, 955 F.2d 1206, 1212-13 (9th Cir. 1991). No party makes such a request here, and that is not the effect of today’s holding. The result is only to make sure that jurors, and not the presiding judge, Herring, 422 U.S. at 858, 95 S.Ct. 2550, are the ones to decide whether the government has proven its case.