**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 20 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-50137 |
| Plaintiff-Appellee, | D.C. No. 3:19-cr-05151-AJB-1 |
| v. | |
| DAVID RIVERA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Argued and Submitted June 8, 2023
Pasadena, California

Before: M. SMITH and DESAI, Circuit Judges, and AMON,** District Judge.

David Rivera appeals his conviction for unlawful attempted entry by an alien in violation of 8 U.S.C. § 1325(a)(1), and unlawful attempted reentry by an alien in violation of 8 U.S.C. § 1326. The parties' familiarity with the briefing and record is assumed. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Carol Bagley Amon, United States District Judge for the Eastern District of New York, sitting by designation.

1. The timing of the superseding indictment, which added the § 1325 charge and mooted a recently filed Speedy Trial Act motion, did not raise a presumption of prosecutorial vindictiveness. *See United States v. Jenkins*, 504 F.3d 694, 699 (9th Cir. 2007) (district court's vindictive prosecution decision reviewed de novo). Routine trial preparation commenced following Rivera's arrest and continued for less than three months until grand juries shut down due to COVID-19. Following the hiatus, the government obtained the superseding indictment at the earliest possible opportunity. The district court properly acknowledged that the government's charges "frequently" evolve pretrial and that "[t]he pandemic . . . also played into the lack of an earlier indictment." These circumstances pose no "realistic likelihood of 'vindictiveness.'" *United States v. Goodwin*, 457 U.S. 368, 381, 384 (1982) (citation omitted) (cautioning against finding a presumption of vindictiveness pretrial when "the prosecutor's assessment of the proper extent of prosecution may not have crystallized"); *United States v. Kent*, 649 F.3d 906, 913 (9th Cir. 2011).[1]

2. Assuming arguendo that the district court abused its discretion under Federal Rule of Evidence 403 by excluding from evidence a June 2004 form from Rivera's A-File (the "Form"), such error was harmless. The Form contained a note

[1] Rivera's motion for this Court to take judicial notice of certain facts that the government provided to the district court in a separate case, Dkt. 21, is denied as moot. Even were we to consider those facts, our conclusion that Rivera failed to raise a presumption of vindictiveness is unchanged.

from an immigration officer that read: "1) nationality of alien's parents? please determine if any possible claim to derivative cit before removing." Under Rule of Evidence 403, relevant evidence may be excluded on the grounds that it would mislead the jury, confuse the issues, result in unfair prejudice, or lead to undue delay. *See United States v. Espinoza-Baza*, 647 F.3d 1182, 1189–91 (9th Cir. 2011) (stating that "[w]e afford a district court's Rule 403 determination great deference") (cleaned up). "But the district court is not free to dismiss logically relevant evidence as speculative." *United States v. Stever*, 603 F.3d 747, 754 (9th Cir. 2010). Nor can it substitute its judgment for that of the jury. *See United States v. Evans*, 728 F.3d 953, 966 (9th Cir. 2013).

Even if the exclusion of the Form constituted error in this case, it was not prejudicial.[2] "A non-constitutional error requires reversal . . . unless 'it is more probable than not that the error did not materially affect the verdict,'" whereas a constitutional error warrants reversal "unless the error was 'harmless beyond a reasonable doubt.'" *Torres*, 794 F.3d at 1061–63 (citations omitted). Any error here was harmless under either standard. The Form merely showed that a request to

---

[2] The court did err in finding that the note contained a hearsay assertion. The note was non-assertive and Rivera sought to use the Form to show that his alienage was not thereafter investigated, rather than to convey any intended message. *See United States v. Torres*, 794 F.3d 1053, 1059 (9th Cir. 2015) (explaining that a question constitutes hearsay "where the declarant intends the question to communicate an implied assertion and the proponent offers it for this intended message").

investigate was made; Rivera was still allowed to elicit testimony about derivative citizenship and to argue the government's failure to investigate his alienage. Moreover, the government's evidence of Rivera's alienage was extensive and strong. For these reasons, Rivera suffered no prejudice and remand is not warranted.

3. Nor did the district court commit structural error by preventing Rivera from presenting his defense at closing argument. *See United States v. Brown*, 859 F.3d 730, 733 (9th Cir. 2017) (determination whether a defendant has been denied his constitutional right to present a defense reviewed de novo). The court sustained a government objection to a PowerPoint slide containing language defining derivative citizenship that was taken verbatim from a jury instruction that the court had previously rejected.[3] The court otherwise allowed counsel to argue the government's failure to investigate Rivera's alienage. Because the district court did not "prevent [Rivera] from arguing" his defense theory, *id.* at 734, and because we give "'great latitude' and 'broad discretion' to the presiding judge when reviewing the lower court's decision to limit and control closing summations," *United States v. Doe*, 705 F.3d 1134, 1149 (9th Cir. 2013) (citation omitted), we find no error.

**AFFIRMED.**

---

[3] Of note, Rivera does not appeal the district court's denial to give this jury instruction.

4