NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 29 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

HECTOR DAVID IBARRA,

Defendant-Appellant.

No. 23-1282

D.C. No.
3:22-cr-01373-DMS-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Argued and Submitted May 16, 2024
Pasadena, California

Before:  N.R. SMITH and MENDOZA, Circuit Judges, and HINDERAKER,
District Judge.[**]

Hector David Ibarra appeals his conviction, following a jury trial, for

conspiracy to transport aliens and attempt to transport aliens in violation of 8

U.S.C. § 1324.  We have jurisdiction under 28 U.S.C. § 1291.  We vacate the

conviction and remand.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable John Charles Hinderaker, United States District Judge
for the District of Arizona, sitting by designation.

Before closing argument, the district court stated that it would permit the government to introduce suppressed evidence if Ibarra's counsel argued his proffered defense theory. Ibarra argues that this admonishment improperly limited his closing argument.[1] "[A] district court may prevent a defendant from arguing incorrect statements of law," *United States v. Brown*, 859 F.3d 730, 734 (9th Cir. 2017) (internal quotation marks and citation omitted), and may "preclude closing arguments on defense theories that are not supported by the evidence," *United States v. Miguel*, 338 F.3d 995, 1001 (9th Cir. 2003). However, in closing argument, "[l]awyers are supposed to invite the jury to infer things from the evidence," *United States v. Kojayan*, 8 F.3d 1315, 1321 (9th Cir. 1993), and something may be "reasonable and permissible for the jury to infer" even if the inference is "weak" or is one "[t]he district court may . . . know[] or suspect[]" is "wrong," *United States v. Ramirez*, 714 F.3d 1134, 1138–39 (9th Cir. 2013). Although "a prosecutor may not ask the jury to draw inferences that the prosecutor knows to be false, or has very strong reason to doubt," *United States v. Gonzalez*, 906 F.3d 784, 799 (9th Cir. 2018) (internal quotation marks and citations omitted), "a criminal defendant, unlike the government, needn't have a good faith belief in the factual validity of a defense," and is "entitled to exploit weaknesses in the

---

[1] The district court characterized itself as having limited Ibarra's closing argument. Likewise, the government's brief repeatedly characterized Ibarra's argument as having been limited; it presented arguments concerning only the propriety and reviewability of that limitation. We therefore accept the district court's characterization.

prosecution's case," *United States v. Hernandez-Meza*, 720 F.3d 760, 765 (9th Cir. 2013).

"What matters in satisfying the government's burden of proof in a criminal case is not objective reality . . . but the evidence the government presents in court." *Id.* Because a defendant "must be free to deny all the elements of the case against him without thereby giving leave to the [g]overnment to introduce by way of rebuttal evidence illegally secured by it," *James v. Illinois*, 493 U.S. 307, 312 (1990) (citation omitted), "[p]resenting a theory of the case that can be effectively rebutted by otherwise-inadmissible evidence . . . does not by itself open the door to using such evidence," *United States v. Sine*, 493 F.3d 1021, 1038 (9th Cir. 2007).

Ibarra introduced evidence that an alleged co-conspirator had tricked others into unlawfully transporting aliens. The conclusion Ibarra sought to advance—that he had similarly been tricked—was "reasonable and permissible for the jury to infer" from this evidence. *Ramirez*, 714 F.3d at 1138. To the extent that Ibarra's theory addressed the government's proof of his knowledge, "it was error for the district court to prevent [Ibarra] from arguing that the government failed to meet its burden."[2] *Brown*, 859 F.3d at 734.

---

[2] Because Ibarra's proffered argument concerned the government's proof of his knowledge, the instructions given to the jury regarding that element "adequately cover[ed] [his] defense theory." *United States v. Thomas*, 612 F.3d 1107, 1120 (9th Cir. 2010) (citation omitted). The district court therefore did not err by declining to give Ibarra's proposed instruction. We need not address Ibarra's argument regarding the government's closing rebuttal, as we vacate his conviction on other grounds.

The government argues for the extension of *Luce v. United States*, which held that "to raise and preserve for review the claim of improper impeachment with a prior conviction, a defendant must testify." 469 U.S. 38, 43 (1984). *Luce* is inapposite: whether a defense theory has a basis in evidence is not a "subtle" and context-specific question of balancing probative value against prejudicial effect, *id.* at 41, and because "preventing a defendant from arguing a legitimate defense theory constitutes structural error," *Brown*, 859 F.3d at 737 (citation omitted),[3] *Luce*'s concern for the feasibility of harmless error review, *see* 469 U.S. at 41, is irrelevant.

Because the limitation of Ibarra's argument was structural error under our precedent, we vacate Ibarra's conviction and remand for further proceedings.[4]

**VACATED and REMANDED.**

---

[3] Contrary to the government's argument, we remain bound by *Brown*, which acknowledged *Glebe v. Frost*, 574 U.S. 21 (2017). *See* 859 F.3d at 737.
[4] Costs are taxed against the United States. *See* Fed. R. App. P. 39(a)(4).